IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No: 17-42833 |
| | § | Chapter 13 |
| BRIAN CHARLES GREGG | § | |
| *Debtor* | § | |
| | § | |

## OBJECTION TO CHAPTER 13 PLAN
### [DOCKET ENTRY NO. 21]

Select Portfolio Servicing, Inc., as sub-servicer to New Residential Investment Corp. as mortgage servicer for Citibank, N.A., as Trustee on behalf of the NRZ Pass-Through Trust VI (hereinafter "SPS") respectfully objects to Debtor's proposed plan filed February 20, 2018 (Docket No. 21) (hereinafter "the Plan").

1.  SPS has a secured mortgage claim in Debtors' homestead property located at 4541 Hitching Post Lane, Plano, Collin County, Texas 75024 ("the Property"). SPS does not accept the Plan.

2.  **Objection One – Failure to "Cure and Maintain" 11 U.S.C. § 1322(b)(2) & (5).** Debtors' plan proposes no treatment to cure pre-petition arrearages through the Chapter 13 Trustee to SPS, and also provides for no ongoing monthly mortgage payments to be paid to SPS.

3.  However, SPS' Proof of Claim filed March 7, 2018 (Claim No. 9-1) includes pre-petition arrears of $152,596.96, and ongoing monthly mortgage payments currently in the amount of $3,299.21.

4.  Therefore, the Plan is short $152,596.96 in pre-petition arrears, plus the Plan and budget are short $3,299.21 per month direct pay ongoing monthly mortgage payments, totaling $118,771.56 over the term of the Plan. The Plan and budget have a total deficiency of $271,368.52.

5. **Objection Two – Failure to Provide Adequate Protection 11 U.S.C. § 1325(a)(1) and 361(1).** The mortgage claim is subject to the anti-modification clause of Section 1322(b)(2). SPS is oversecured (See Schedules A/B and D, and Proof of Claim (Claim No. 9-1). The Plan provides for SPS as follows:

> *"Debtor filed a Chapter 13 Petition on December 27, 2017 to avoid foreclosure that was posted for sale on January 2, 2018. Debtor's Plan is to sell his residence to realize for secured Creditors more than they could realize from a Chapter 7 Liquidation or a foreclosure sale.* (Docket No. 21, p. 14, nonstandard Plan Provisions, paragraph 2).

However:

i. The Plan does not require post-petition mortgage payments. Debtor proposes that if Debtor cannot sell property within 12 months (i.e. December 31, 2018), Debtor will convert the case to a Chapter 7 liquidation. The Plan does not provide that SPS will be paid during the first 12 months of the Plan, or that after conversion, SPS will be paid. These terms violation the anti-modification clause for principal residence, 11 U.S.C. § 1322(b)(2). SPS does not consent to these terms.

ii. The Plan is silent on SPS' remedies if Debtor does not sell the Property for an amount sufficient to pay SPS in full by December 31, 2018. Debtor simply proposes he will convert to Chapter 7 liquidation.

iii. Debtor states in the Plan that "the cost of maintaining a 4,660 square feet home is unnecessarily burdensome," (Docket No. 21, p. 14, nonstandard Plan Provisions). Debtor is pleading he simply cannot afford the property.

iv. Debtor filed bankruptcy on December 27, 2017. As of March 14, 2018, Debtor has not filed a Motion to Sell Property.

v. The Plan does not require any minimum amount to be paid to SPS.

vi. The Plan does not provide for post-petition interest.

    vii.    The Plan does not provide for reimbursement to SPS for all taxes and insurance which may be paid post-petition.

    viii.    According to Debtor, he has listed the home with 2 different agencies from July 2016 to July 2017. The best offer was $425,000.00. However, Debtor would like $610,000.00 for the Property. Collin County Tax Assessor values the Property at $492,405.00. Debtor expecting $610,000.00 for the sale of a property that the county values at $492,405.00, is unrealistic. He is willing to hold onto the Property while residing for free, while SPS pays the taxes and insurance.

6.    **Objection Three – Violation of 11 U.S.C. § 1325(a)(5).** The Plan:

    i.    Fails to provide for the full amount of SPS' secured claim. The Plan pays an unspecified amount. SPS' records reflect an amount due of at least $371,024.86. Debtor schedules the Property with a value of $420,000.00 and the County Appraisal District values the Property at $492,405.00 for 2017 property taxes.

    ii.    Fails to provide contract rate, or *Till* present value interest during the Plan term. The contract rate is 8.875%. Debtor proposes an interest rate of 0%.

7.    **Objection Four – Feasibility 11 U.S.C. § 1325(a)(6).** Debtors cannot propose a feasible plan.

    i)    Debtor has not been maintaining his ongoing monthly mortgage payments. Debtor filed bankruptcy on December 27, 2017. Debtor has defaulted on his January 2018, February 2018, and March 2018 ongoing monthly mortgage payments.

    ii)    Any sale is speculative. Debtor states in the Plan he would like to get $610,000.00 for the Property. However, the Collin County Appraisal District values the Property at $492,405.00.

iii) Debtor states he receives $2,442.00 per month in social security income. Debtor's Schedule I reflects this is the Debtor's sole income. Pursuant to the Proof of Claim filed March 8, 2018 (Claim No.9-1) the ongoing monthly mortgage payment on the Property is $3,299.21. Debtor simply has insufficient income to make his proposed ongoing monthly mortgage payments.

iv) Debtor's Schedule J reflects a negative $158.00 in disposable income. Debtor has insufficient income to make plan payments.

v) Debtor proposes a plan payment of $100.00 per month for months 1 through 12, and $500.00 for months 13 through 36. Debtor has provided no evidence that he can afford the proposed step up payment.

vi) Debtor has not been maintaining his proposed Plan payments. As of March 14, 2018, Debtor had defaulted on his January 2018 plan payment, made his February 2018 plan payment, and defaulted again on his March 2018 Plan payment.

vii) The Plan is not mathematically feasible. The Plan does not specify an amount to be paid to SPS, or the amount which must be provided for SPS.

viii) Debtor's Schedules I & J demonstrate that Debtors cannot afford to increase plan payments to the amount necessary to confirm a plan which provides for payment as required by Section 1325.

WHEREFORE PREMISES CONSIDERED, Select Portfolio Servicing, Inc., as sub-servicer to New Residential Investment Corp. as mortgage servicer for Citibank, N.A., as Trustee on behalf of the NRZ Pass-Through Trust VI respectfully prays that this Court sustain this Objection; Deny confirmation of the Plan; and Grant SPS such other relief, in equity or at law, to which SPS may show itself justly entitled.

Respectfully submitted,

_____
H. Gray Burks, IV
State Bar No. 03418320
SHAPIROSCHWARTZ, LLP
13105 NW Freeway, Suite 1200
Houston, Texas 77040
Telephone:    (713) 462-2565
Facsimile:    (847) 879-4856
*Attorneys for Select Portfolio Servicing, Inc., as subservicer to New Residential Investment Corp. as mortgage servicer for Citibank, N.A., as Trustee on behalf of the NRZ Pass-Through Trust VI*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Objection to Confirmation has been served on the parties listed below, at the addresses indicated via electronic delivery or by deposit in the United States Mail, first-class postage pre-paid on March 20, 2018.

U.S. Mail
BRIAN CHARLES GREGG
4541 HITCHING POST LANE
PLANO, TX 75024
*Debtor*

ECF/CM
CAREY D. EBERT
CHAPTER 13 TRUSTEE
P.O. BOX 941166
PLANO, TX 75094-1166
*Chapter 13 Trustee*

ECF/CM
OFFICE OF THE UNITED STATES TRUSTEE
110 N. COLLEGE AVENUE
SUITE 300
TYLER, TX 75702
*United States Trustee*

_____
H. Gray Burks, IV